883 F.2d 69
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Beverly A. HIRSCH, Plaintiff--Appellant,
v.
FEDERAL BUREAU OF PRISONS, Defendant--Appellee.
 No. 89-6564.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 11, 1989.
Decided Aug. 8, 1989.
 
 Beverly A. Hirsch, appellant pro se.
 Gary Edward Pullin, Office of the United States Attorney, for appellee.
 Before WIDENER, SPROUSE, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Beverly Ann Hirsch appeals the district court's order dismissing her Federal Tort Claims Act suit. Appellant's action was referred to a magistrate pursuant to 28 U.S.C. Sec. 636(b)(1)(B). The magistrate recommended that relief be denied and advised appellant that the failure to file timely objections to this recommendation would waive appellate review of a district court order based upon the recommendation. Despite this warning, appellant failed to object to the magistrate's recommendation.
 
 
 2
 This Court has held that the timely filing of objections to a magistrate's recommendation is necessary to preserve appellate review of the substance of that recommendation where the parties have been warned that failure to object will waive appellate review. Wright v. Collins, 766 F.2d 841 (4th Cir.1985). United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984). See Thomas v. Arn, 474 U.S. 140 (1985). Appellant has waived appellate review by failing to file objections after receiving proper notice.* We accordingly affirm the judgment of the district court. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After an appeal had been noted in this case, the district court received information from a friend of Hirsch indicating that Hirsch may not have received the magistrate's report and notice of the need to file objections before the case was dismissed because she was in transit from a federal prison in Kentucky to a federal prison in California. The district court forwarded this information to us for consideration. Because we have received nothing from Hirsch, we can take no action based on this information. However, our opinion does not foreclose the possibility of Hirsch filing a Fed.R.Civ.P. 60(b) motion to reopen this action in the district court, based on this information